UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AMANDA MARIE DICE, | Case No. 12-11784 |
| Plaintiff, | Stephen J. Murphy, III |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 8, 9)**

**I.      PROCEDURAL HISTORY**

   A.     Proceedings in this Court

On April 20, 2012, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Stephen J. Murphy, III referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance, and supplemental security income benefits. (Dkt. 3). This matter is before the Court on cross-motions for summary judgment. (Dkt. 8, 9).

   B.     Administrative Proceedings

Plaintiff filed the instant claims on April 23, 2009, alleging that her

disability began on January 1, 2005. (Dkt. 5-2, Pg ID 27). The claim was initially disapproved by the Commissioner on September 8, 2009. (Dkt. 5-2, Pg ID 27). Plaintiff requested a hearing and on November 10, 2009, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Andrew G. Sloss, who considered the case *de novo*. In a decision dated December 30, 2010, the ALJ found that plaintiff was not disabled. (Dkt. 5-2, Pg ID 27-33). Plaintiff requested a review of this decision on January 7, 2011. (Dkt. 5-2, Pg ID 22). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (Dkt. 5-2, Pg ID 18-21), the Appeals Council, on April 7, 2012, denied plaintiff's request for review. (Dkt. 8-2, Pg ID 30-33); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, that the findings of the Commissioner be **AFFIRMED**.

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

## II.  FACTUAL BACKGROUND

### A.  ALJ Findings

Plaintiff was 18 years of age on the date that the application was filed. (Dkt. 5-2, Pg ID 32). Plaintiff's had no past relevant work history. (Dkt. 5-2, Pg ID 32). In denying plaintiff's claims, defendant Commissioner considered scoliosis and anxiety. (Dkt. 5-2, Pg ID 27-33). The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the application date. (Dkt. 5-2, Pg ID 29). At step two, the ALJ found that plaintiff's scoliosis was "severe" within the meaning of the second step. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 5-2, Pg ID 30). At step four, the ALJ found plaintiff could perform light work as follows: she can lift/carry 20 pounds occasionally and 10 pounds frequently; she can sit 6 hours in an 8-hour workday, and can stand and/or walk 6 hours in an 8-hour workday; she needs to be afforded an opportunity to sit/stand at will; she cannot climb ladders, ropes or scaffolds; she can frequently balance, kneel, climb ramps or stairs; she can occasionally stoop, crouch, or crawl. (Dkt. 5-2, Pg ID 30). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. (Dkt. 5-2, Pg ID 32-33).

B. <u>Plaintiff's Claims of Error</u>

Plaintiff's brief is, at best, sparse and difficult to follow. Plaintiff seems to argue that the hypothetical question posed to the VE did not describe plaintiff in all significant, relevant respects, the VE's testimony does not constitute substantial evidence. Plaintiff then points to the treating physician rule and other authority regarding the appropriate assessment of treating sources. Plaintiff asserts that the ALJ relied on the opinion of a state agency physician who did not examine plaintiff while apparently not giving appropriate weight to the treating physician:

> The treating physician, Dr. Dass, finds on 2/10/10 that claimant in fact is likely to progress at least 1 degree per year and I did the math and discussed the fact that if she were to progress at 1 degree per years, by 34 years old she would actually already have a 70 degree curve, the amount of curvature at which we can start to see pulmonary function decreases. (Tr. 267).

(Dkt. 8, Pg ID 341). Plaintiff also complains that the hypothetical questions did not incorporate plaintiff's anxiety. According to plaintiff, when all of plaintiff's physical and mental impairments are taken into consideration, there is no work that she can perform.

C. <u>Commissioner's Motion for Summary Judgment</u>

According to the Commissioner, the ALJ properly concluded that plaintiff did not have a severe mental impairment. The ALJ found that plaintiff had no restrictions in activities of daily living or episodes of decompensation and mild

deficiencies in maintaining social functioning and in concentration, persistence, or pace. (Tr. 13). According to the Commissioner, following 20 C.F.R. § 416.920a(d)(1), the ALJ reasonably concluded that plaintiff's anxiety was not a severe impairment. (Tr. 13). The ALJ found that there was a fairly modest amount of evidence concerning plaintiff's allegedly disabling conditions and that no doctor had issued an opinion that plaintiff could not work or had limitations greater than those in the RFC finding. (Tr. 14). Indeed, plaintiff rarely sought treatment for her scoliosis, and did not have any treatment for a nearly three-year period between October 2006 and August 2009. (Tr. 212, 266). The ALJ identified normal findings in the examination records, including the fact that plaintiff ambulated well with no assistive device. (Tr. 14). Contrary to plaintiff's claim that she had significant walking limitations, two examining medical sources found that she could walk in tandem and on her heels and toes. (Tr. 225, 259). The ALJ also noted that plaintiff managed her symptoms with over-the-counter medications. (Tr. 14). Aside from taking morphine during a two-day hospital visit, plaintiff only took Motrin, or possibly another NSAID. (Tr. 212, 222, 258). She stated on one occasion that it relieved her pain. (Tr. 212).

  The Commissioner acknowledges that the ALJ's statement that the record contained no medical source opinions indicating greater limitations than those included in the RFC finding was not entirely accurate. However, the

Commissioner contends that any mistake by the ALJ was minimal and not reversible error. Dr. Sood, a state DDS reviewing medical source, issued an opinion that included a few limitations greater than those found by the ALJ. (Tr. 231-37). Specifically, Dr. Sood opined that plaintiff should avoid concentrated exposure to hazards, whereas the ALJ did not, and Dr. Sood found that plaintiff could occasionally, as opposed to frequently, balance, kneel, and climb ramps and stairs. (Tr. 232). The ALJ described Dr. Sood's opinion as being that she could perform a broad range of light work. (Tr. 15). The ALJ gave the opinion significant weight. (Tr. 15). While the ALJ inaccurately stated that no medical source opined to greater limitations than included in the RFC finding, Dr. Sood's opinion did generally allow for the performance of a wide range of light work. (Tr. 231-37). Accordingly, the Commissioner argues that any misstatement by the ALJ should be deemed inconsequential.

In addition to the medical evidence, the Commissioner contends that ALJ reasonably found that plaintiff's subjective complaints conflicted with her reported daily activities. (Tr. 14-15). *See Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993) (ALJ may consider household and social activities in evaluating complaints of disabling pain or other symptoms). Although plaintiff claimed to have extreme physical limitations, she reported that she prepared simple meals, drove a car, spent time with her friends, and went shopping, with breaks. (Tr. 27, 173). She also

stated that she enjoyed dancing and taking walks, but did not do those things for very long. (Tr. 174). The Commissioner argues that plaintiff's reported activities undercut her reported limitations and substantial evidence supports the ALJ's finding that plaintiff could perform a range of light work. (Tr. 13).

After finding that plaintiff had no past relevant work, the ALJ considered whether plaintiff could perform jobs existing in significant numbers in the national economy given her vocational profile and her RFC. (Tr. 15-16). The ALJ adopted the VE's testimony that a person with plaintiff's vocational profile and a similar RFC could perform a significant number of jobs, and therefore found her not disabled. (Tr. 15-16). Although the hypothetical question was less restrictive than the RFC finding in some respects, the Commissioner contends that the ALJ did not commit reversible error in relying on the VE's testimony, because the differences between the two would have little or no impact on the types and number of jobs the VE identified. According to the Commissioner, the only difference between the two is that the ALJ asked the VE to consider a person who could occasionally climb ladders, ropes, or scaffolds, but the RFC finding included a limitation to no climbing ladders, ropes, or scaffolds. (Tr. 13, 32). Even if the ALJ had included a limitation to no climbing ladders, ropes, or scaffolds in the hypothetical questions, the VE's testimony would not have been significantly different. Social Security Ruling 83-14 explains that the inability to use ladders or scaffolds would have little

or no effects on the unskilled light occupational base. The Ruling also states that relatively few jobs in the national economy require use of ladders. *Id*. Consequently, the Commissioner maintains that ALJ did not commit reversible error by relying on the VE's testimony because the VE would have identified similar types and number of jobs even if the hypothetical question had been identical to the RFC finding. Thus, the Commissioner asks the Court to conclude that substantial evidence supports the ALJ's finding that plaintiff was not disabled.

### III. DISCUSSION

#### A. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this

statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make

credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of*

*Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch,

Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her

> past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C. <u>Analysis and Conclusions</u>

While the undersigned has thoroughly reviewed the record evidence, the parties' submissions, and the ALJ's decision, plaintiff cannot simply make the bald claims that the ALJ erred, while leaving it to the Court to scour the record to support this claim. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.") (citation omitted); *Crocker v. Comm'r of Soc. Sec.*, 2010 WL 882831 at *6 (W.D. Mich. 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted). In the view of the undersigned, plaintiff's argument is wholly insufficient and undeveloped. Plaintiff offers no basis whatsoever for the Court to conclude that the ALJ's decision is not supported by substantial evidence and offers no factual or legal basis for the Court to conclude that the ALJ committed reversible error.

Moreover, as described in detail above, the Commissioner convincingly establishes that the ALJ's RFC is well-supported by substantial evidence and that plaintiff's credible limitations were accommodated in both the RFC and the hypothetical question posed to the vocational expert. The Commissioner acknowledges that the ALJ relied on the opinion of Dr. Sood, but did not include all of the limitations identified by him. However, in the view of the undersigned, plaintiff has not offered any basis to conclude that the minor differences between Dr. Sood's opinion and the hypothetical question posed to the VE and relied on by the ALJ would significantly erode the occupational base. And, the Commissioner points to SSR 83-14, which suggests that such limitations do not, in fact, erode the occupational base to any great degree. Therefore, any error by the ALJ was harmless.

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 19, 2013                         s/Michael Hluchaniuk
                                             Michael Hluchaniuk
                                             United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on April 19, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Richard J. Doud, Susan K. DeClerq, AUSA, and the Commissioner of Social Security</u>.

                                                                            s/Tammy Hallwood
                                                                            Case Manager
                                                                             (810) 341-7850
                                                                             tammy_hallwood@mied.uscourts.gov