UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA MARIE DICE,

      Plaintiff,                        Case No. 12-cv-11784

v.                                   HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION (docket no. 10), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (docket no. 8), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (docket no. 9), AND DISMISSING CASE

The Social Security Administration ("SSA") denied Plaintiff and claimant Amanda Dice's application for supplemental security income in a decision issued by Administrative Law Judge ("ALJ") Andrew Sloss on December 30, 2010. *See* ALJ Decision, ECF No. 5-2, at 8. After the SSA Appeals Council declined to review the decision, Dice appealed to this Court. The Court referred the matter to a magistrate judge, and the parties filed cross motions for summary judgment. *See* Mots. for Summ. J., ECF Nos. 8, 9.

On April 19, 2013, the Magistrate Judge issued a Report and Recommendation ("Report") suggesting the Court deny Dice's motion and grant the Commissioner for Social Security's ("Commissioner") motion. Report, ECF No. 10. In the Report, the Magistrate Judge noted that Dice was eighteen years old when she filed her first application for supplemental security income, and had no relevant work history. *Id.* at 3. When considering Dice's application, the ALJ found that Dice suffered from scoliosis and anxiety, and that her scoliosis was severe. But, when applying the five-step disability analysis, the ALJ found that the scoliosis did not meet or equal a listing in the social security regulations, and that Dice

retained a residual functional capacity to, among other things, lift/carry several pounds, sit for most of the workday, and could stand and walk for most of the work day. Consequently, the ALJ determined a significant number of jobs existed in the national economy she could perform, and denied her application. *Id.* (citing ALJ Decision at 15).

The Report discussed Dice's complaint and motion for summary judgment, noting she did not set forth facts or arguments that would lead the Magistrate Judge to conclude that the ALJ's decision was not supported by sufficient evidence. *Id.* at 14. The Magistrate Judge also carefully examined the administrative record, and concluded that the ALJ's decision was supported by substantial evidence. The Report also concluded that the hypothetical question posed to the Vocational Expert during the ALJ's deliberations was sufficient to support the Vocational Expert's findings, and even if there was a minor discrepancy between Dr. Sood's opinion and the limitations incorporated into the hypothetical, the Report concluded, it would be harmless error. *Id.* at 15. Accordingly, the Report suggested dismissing the case.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by

the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

Because neither the plaintiff nor defendant filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, grant the Commissioner's motion for summary judgment, and dismiss the case.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 10) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment (docket no. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment (docket no. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 17, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 17, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager